Horning Unemployment Compensation Case.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William F. Horning,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., March 24, 1955:

Claimant in this unemployment compensation case was employed as an apprentice plumber by R. J. Lilly & Son, Bethlehem, Pennsylvania, for a period of three years and eight months prior to February 5, 1954, his last day of work. He was employed under the. Veterans' Training Program. When he started work his hourly wage was 75 cents, which rate gradually increased thereafter until he was receiving $1.25 per hour.

The claimant's usual quitting time was 4:30 p.m. About 4:00 p.m. on February 5, 1954, he was requested by his employer to take a specific assignment that might require him to work a few minutes overtime. The claimant refused to accept the assignment if overtime work would be required; and he told his employer that he would work only until 4:30 p.m. at which time he was going home. The employer then advised him that unless he worked the overtime required to complete the job there would be no work for him thereafter. Claimant thereupon left his employer's establishment about 4:15 p.m. and never returned.

Subsequently, claimant filed a claim for unemployment compensation benefits. In his claim he assigned as reasons for his unemployment (1) that he was discharged because of his refusal to work overtime, and (2) that his employer was not "keeping agreement

with Veterans' Administration." The bureau allowed the claim for benefits upon the basis of claimant's contention that the employer had not been paying him the approved trainee rate under the GI Training Program. The employer appealed and the referee reversed the decision of the bureau. The referee found that the employer's request for claimant to work a few minutes overtime if necessary was not unreasonable, and that, in refusing to accede to such request and terminating his employment relationship, claimant had voluntarily left his work without good cause; that as a result he was ineligible for compensation under section 402 (b) of the Unemployment Compensation Law, 43 PS §802 (b). Upon claimant's appeal to the Unemployment Compensation Board of Review, the board adopted the referee's findings and conclusions, and affirmed his decision.

At the hearing before the board, claimant presented a copy of a letter to the employer from the Veterans' Administration which tended to indicate that claimant was entitled to a higher hourly wage. While we doubt that the record contains sufficient evidence to this effect for us to so decide, it is not necessary to make such a determination. There is merit in the suggestion that, even if a breach of contractual obligations did here exist, the mere existence thereof did not necessarily place claimant in a position whereby he was afforded good cause for a voluntary leaving of work so as to create a liability against the unemployment compensation fund. This is especially true when it does not appear that claimant availed himself of any legal remedies to obtain redress for such alleged breach of contract. See *Glen Alden Coal Co. v. Unemployment Compensation Board of Review*, 168 Pa. Superior Ct. 534, 79 A. 2d 796; *Cassell Unemployment Compensation Case*, 167 Pa. Superior Ct. 440, 74 A. 2d 809.

In the case before us, however, the findings of the referee, which were adopted by the board, establish that claimant chose to terminate his employment rather than risk working a few minutes overtime, and that this was the cause of his leaving his job. Findings of the board which are supported by substantial competent evidence are binding on us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525. Our examination of the record discloses that the findings are supported by substantial evidence. Consequently, the sole question to be determined is whether claimant had good cause for leaving his work.

Generally speaking, an employe who is out of work by his own decision is thereby removed from the ambit of the Unemployment Compensation Law. *Labenski Unemployment Compensation Case,* 171 Pa. Superior Ct. 325, 90 A. 2d 331. This general rule is qualified, however, to the extent that such an unemployed worker may be eligible for unemployment compensation benefits even though he voluntarily left his work if his leaving was prompted by good cause. What constitutes the good cause sufficient to justify an employe to voluntarily leave the ranks of the employed and to join the ranks of the unemployed must be determined from the particular facts of each case. *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 48, 50 A. 2d 336. We have said that, to constitute good cause, claimant's conduct must meet the standards of ordinary common sense and prudence. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801. In *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, 903, we held that, to constitute good cause, the circumstances compelling the decision to leave employment must be "real not imaginary, sub-

stantial not trifling, reasonable not whimsical . . ." And, of course, good cause exists only when it has its basis in good faith. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260; *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195.

Application of these general principles to this case negatives claimant's contention that he had good cause for leaving his employment. We agree with the referee and the board that the employer's request that claimant work if necessary a few minutes overtime was not an unreasonable request. It subsequently appeared that the job took only fifteen to twenty minutes to complete and could probably have been finished before 4:30 p.m., claimant's usual quitting time. Claimant did not know or attempt to ascertain the facts. Moreover, he offered no reason why it would have been impractical or inconvenient for him to have worked overtime for a short period on the day in question. He does not contend that he would not have been paid for it. On previous occasions he had been paid when he worked overtime. To sacrifice his job rather than possibly work a few additional minutes seems to us to have been a most unreasonable and arbitrary action on the part of claimant. He left his work for a trifling and untenable reason, and it does not constitute good cause under section 402 (b) of the Unemployment Compensation Law.

In *McGuire v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 467, 82 A. 2d 324, the claimant was employed as a television commentator at a salary of $50 per week to do a certain show fifteen minutes in length. The employer added five minutes to the length of the program without increasing the claimant's compensation. Upon the employer's refusal to grant claimant's requested wage increase, claimant

resigned from her employment. We held that such refusal did not place claimant in a position where for compelling reasons she had good cause to resign so as to create a status of unemployment compensable within the purview of the Unemployment Compensation Law. Comparatively, the basis of the present claimant's termination of work is even less consequential.

The decision is affirmed.