Goldstein Unemployment Compensation Case.

256

Argued March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Stanley Goldstein,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ERVIN, J., July 17, 1956:

In this unemployment compensation case benefits were denied to the claimant-appellant, Stanley Goldstein, on the ground that he left his employment voluntarily without good cause and was therefore barred from benefits under the provisions of §402(b) of the Act, 43 PS §802(b).

Claimant was employed as an advertising sales manager by the Atlantic City Reporter, Inc., New York and Pacific Avenues, Atlantic City, New Jersey. Claimant worked approximately five weeks under an alleged compensation arrangement which provided that he was to receive a weekly salary of $50.00, 25% commission and a $50.00 weekly draw against commissions. At the end of his first week of employment claimant received his salary of $50.00 and the $50.00 draw against commissions. Thereafter he was apparently overdrawn on

the $50.00 drawing account and it was terminated. However, in the subsequent weeks of his employment he did receive his commissions but not the full amount because a portion of the commissions he earned was applied to the overdrawn account. In his application for benefits claimant gave as the cause of his unemployment: "I resigned because of unacceptable change in wage structure from sal. + comm. to comm. only." The referee, after hearing, determined "that claimant was dissatisfied with his salary arrangement and as a result thereof he left the job. Such leaving was not so compelling or necessitous as to constitute good cause for leaving employment." The Board of Review on appeal adopted the findings and conclusions of the referee and affirmed his decision refusing benefits.

Since claimant admittedly terminated his employment voluntarily, the only issue is whether he did so with good cause. Claimant had the burden of establishing such good cause. *Kinter Unemployment Compensation Case*, 180 Pa. Superior Ct. 529, 119 A. 2d 639. It is well settled that the cause of leaving employment must meet the test of ordinary common sense and prudence, *Kaylock Unemployment Compensation Case*, 165 Pa. Superior Ct. 376, 67 A. 2d 801; it must be compelled by circumstances which are "real not imaginary, substantial not trifling, reasonable not whimsical", *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898. See *Welker Unemployment Compensation Case*, 180 Pa. Superior Ct. 534, 537, 119 A. 2d 658. In the light of these principles the claimant has not sustained the burden of showing good cause.

Although claimant gave as his reason for resigning an alleged change in wage structure from salary and commissions to commissions only, the record completely

refutes his allegation.[1]  Claimant's testimony before the referee clearly shows that while his drawing account was dropped after the first week of his employment he admitted he continued to receive salary and commissions each of the remaining weeks of his employment.  The referee in his findings clearly reflects the commission earnings of the claimant during the three weeks ending 5/21/55, 5/28/55 and 6/4/55 amounting to $4.08, $17.09 and $22.09 respectively.  Though the record does not reveal the amount deducted by the employer from total commissions earned to apply against the amount overdrawn by claimant, it is apparent claimant was making progress in increasing his commission earnings.  It is also apparent that claimant anticipated earning $100.00 per week and was dissatisfied when his salary and commissions failed to equal that amount.  However, claimant has failed to show that the termination of his employment was predicated upon either urgency or necessity.  *Novel Unemployment Compensation Case,* 174 Pa. Superior Ct. 179, 100 A. 2d 118.  Claimant could have continued to work temporarily while seeking other employment if he was dissatisfied with his earnings.  Cf. *Buletza Unemployment Compensation Case,* 174 Pa. Superior Ct. 248, 251, 101 A. 2d 447.  Under all the circumstances claimant's action in resigning from his employment was unreasonable and imprudent and, as such, no proper base upon which to predicate good cause.

Decision affirmed.

---

[1] If claimant's contract of employment was breached he should have resorted to legal remedies for breach of contract.  Cf. *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 620, 112 A. 2d 405.