## Edwards Unemployment Compensation Case.

Submitted March 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas W. Edwards,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

The claimant in this Unemployment Compensation case, was employed as a platform man by the Glen Alden Corporation in Wilkes-Barre, Pa. On March 23, 1956 he voluntarily quit his job, notifying his employer that he was going to California. His mother had been in California for a visit and while there broke her hip. His sister, with whom the claimant made his home, and her husband went to California to take care of his mother. He quit his work and chose to accompany his sister and alleged that he was needed to care for his mother. Continuing employment would have been available to the claimant who had been employed for 18 years by the company, had he chosen to remain at work. The foregoing is contained in the findings of fact by the board. These findings are supported by substantial, competent evidence and are, therefore, binding upon us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525 (1946).

The bureau, the referee and the board found that the claimant was disqualified for benefits by virtue of Section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897 (1937), as amended, 43 PS §802 (b), which provides that: "An employe shall be ineligible for compensation for any week—In which his unemployment is due to his voluntary leaving work without cause of a necessitous and compelling nature."

As a general rule, an employee who is out of work by his own decision is thereby removed from the protection of the Unemployment Compensation Law. This, however, is qualified to the extent that an unemployed worker may be eligible even if he voluntarily left work, if his leaving was prompted by good cause. This Court has consistently held in a long line of cases, that to constitute good cause, the circumstances compelling the decision to leave employment must be "real not imaginary, substantial not trifling, reasonable not whimsical . . .". *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, 903 (1946). In the *Sturdevant* case this Court held that where a husband removes the marital domicile to a distant point where he secured work and his wife voluntarily leaves her work to accompany him, her compliance with the duty which the law casts upon her satisfied the requirement of good cause. However, Mr. Justice MAXEY, speaking for the Supreme Court, vigorously disagreed with the conclusion in this case when he said in *Sun Shipbuilding and Dry Dock Company Unemployment Case,* 358 Pa. 224, 56 A. 2d 254, 259 (1948) "To hold that a married woman who quits her job to join her husband in a new domicile is voluntarily 'becoming unemployed' for a 'good cause' within the meaning of the Act is to open the door to so much fraud on employers that one may doubt that such a construction of the Unemployment Compensation Act conforms to the canon 'that all laws should receive a sensible construction'."[1]

---

[1] See *Mills Unemployment Compensation Case,* 164 Pa. Superior Ct. 421, 65 A. 2d 436 (1949), where the Court followed the *Sturdevant* case but said, "The question involved is so 'important as to make it expedient that the case be decided by the Supreme Court.'" The case was so certified but the Supreme Court held that the Department of Labor and Industry, the appellant, had no right

We do not believe that the very worthy desire to care for his mother in California, who was already being cared for by her daughter is of such compelling and urgent nature as to afford the claimant no alternative other than to abandon his employment. Certainly his desire to accompany his sister and live with her in California is not such good cause as contemplated by the act.

The legislature seemed to sense that the courts were having difficulty with good cause in Sec. 802 (b) and in 1955 amended this section so that the section now reads: "without cause of a necessitous and compelling nature." This writes into the law the language of many of the cases defining good cause but indicates the intention of the legislature that the exceptions indicated require reasons that rise higher than the general definition of good cause.

Applying this reasoning to the instant case we are of the opinion that the claimant has not sustained the burden of showing the compelling and necessitous circumstances required to come within the exception in the act.

The decision is affirmed.

---

of appeal, reversed the Superior Court for this reason and quashed the appeal. *Mills Unemployment Compensation Case*, 362 Pa. 342, 67 A. 2d 114 (1949).