## Robinson Unemployment Compensation Case.

Argued April 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Linn B. Washington,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., June 11, 1958:

Claimant had been employed by Sussman Brothers as a truck driver for a number of years. His last day of work was December 26, 1956. Claimant admittedly was unable to work thereafter because of a heart condition, until August 6, 1957. On that date he was advised by his own physician that although he could not resume his regular duties as a truck driver he nevertheless was then able to perform light work. He did not inform his employer to that effect, but instead, on the above date filed an application for unemployment compensation benefits. When Sussman Brothers, the employers, learned of the claim they notified the Bureau of Employment Security that they had made suit-

able light work available to the claimant. The claimant reported to his employer and was offered light work in keeping with his physical condition. His doctor had certified that claimant "Is not permitted to work in dust or do heavy lifting." Claimant refused the light work offered, thereby terminating the employment relationship. His contention was that in the job that was offered to him he would be compelled to work continually in a dusty atmosphere. One phase of the employer's work, conducted in the basement of their building, undoubtedly was dusty. But the testimony discloses that the proffered work was on the second floor of the employer's establishment where there was no more dust than in the air everywhere. The claimant made no attempt to try out the proffered job to ascertain the conditions as to the amount of dust present in the place. In thus failing to submit to the test, his action lacked the element of good faith which we, many times, have said is essential to keeping alive the employer-employe relationship.

In affirming the decision of the referee the board stated: "Since the claimant voluntarily chose to leave his employment, the burden was on him to show that the reasons were so compelling as to rob him of volition, or so real and necessitous as to leave him no other alternative. He has failed to meet this burden. Claimant's employer did all he could to maintain the employer-employe relationship, but claimant refused to continue working for him. Under the circumstances, the claimant must be disqualified from receiving benefits under the provisions of Section 402(b) of the Law", as amended by the Act of March 30, 1955, P. L. 6, 43 PS §802.

This conclusion is amply supported by settled law. *Johnson Unempl. Comp. Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458; *Novel Unempl. Comp. Case,* 174 Pa.

Superior Ct. 179, 100 A. 2d 118; *Vernon Unempl. Comp. Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383; *Seroskie v. Unempl. Comp. Board,* 169 Pa. Superior Ct. 470, 82 A. 2d 558; and particularly, as applied to facts similar to those here presented, cf. *Antinopoulas Unempl. Comp. Case,* 181 Pa. Superior Ct. 515, 124 A. 2d 513.

The conclusion of the board is based upon facts found by the board on ample competent evidence, and therefore cannot be disturbed. *Johnson Unempl. Comp. Case,* supra.

Decision affirmed.

WATKINS, J., dissents.