## Szojka Unemployment Compensation Case.

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Nicholas G. Petrella,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

Opinion by Watkins, J., November 14, 1958:

In this unemployment compensation case the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review disqualified the claimant for benefits in that he terminated his employment without cause of a necessitous and compelling nature as required by the provisions of Section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, 43 PS §802 (b).

The board found that the claimant appellant, Louis J. Szojka, was last employed on June 28, 1957 as a punch press operator by Penco Metal Products, which was located at Swanson and Oregon Avenues, Philadelphia, Pennsylvania. He had been absent from work due to an injury and on his return he was requested to take a week's vacation because the plant was moving from its Philadelphia location to Oaks, Pennsylvania, which is about 32 miles from Philadelphia. The employees had been notified of this change of location several months prior so that they could make the necessary transportation arrangements.

The board found further that this appellant reported to the new plant location on July 12, 1957 and informed his employer that he did not intend to work there because of the transportation difficulties involved; that the plant at Oaks is accessible to the appellant by means of public transportation which requires less than two hours of travel time; and that other employees formed car pools, but the appellant did not attempt to secure transportation by this means because he did not wish to work so far from his home. The board's findings are supported by ample, competent evidence and cannot be disturbed. *Robinson Unemployment Compensation Case,* 186 Pa. Superior Ct. 279, 142 A. 2d 341 (1958).

The only question left for discussion is whether the transportation difficulties supports the burden of the appellant to establish a necessitous and compelling reason for leaving his work.

Here, the distance to his work was 32 miles and there was public transportation that would require less than two hours travel time. More than 100 of his fellow employees in the Camden and Philadelphia area made transportation arrangements and continued work at the new location. Three men from the immediate area of the appellant's home drive back and forth and carry other employees as passengers.

He was earning $2 an hour and there is no evidence that the transportation cost would make it so economically burdensome as to make continued employment unreasonable.

The burden is upon the appellant, who has voluntarily left his employment, to show the good cause for doing so. This good cause must meet the test of ordinary common sense and prudence. *Welker Unemployment Compensation Case,* 180 Pa. Superior Ct. 534, 119 A. 2d 658 (1956). His transportation problem is certainly not the insurmountable difficulty contemplated under the court's interpretation of what are necessitous and compelling reasons for voluntarily leaving his employment and his failure to arrange for transportation indicated a lack of reasonable effort to maintain his employment. *Hanna Unemployment Compensation Case,* 172 Pa. Superior Ct. 417, 94 A. 2d 178 (1953).

The fact that this appellant left his employment where he was earning $2 per hour to become unemployed is certainly not indicative of a genuine willingness to work and "a sincere desire for work that will overcome the surmountable obstacles which workers everywhere encounter." *Zupancic Unemployment Com-*

*pensation Case,* 186 Pa. Superior Ct. 252, 256, 142 A. 2d 395 (1958).

The decision of the Unemployment Compensation Board of Review is affirmed.