Sledziowski Unemployment Compensation Case.

Argued March 6, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Wilfrid L. Jones,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

Claimant, Eleanore Sledziowski, has appealed from the decision of the Unemployment Compensation Board of Review which refused compensation to her on the ground that she was disqualified from receiving benefits under Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1), by reason of terminating her employment without cause of a necessitous and compelling nature.

Claimant was last employed as a saleswoman by the Youth Center, a dress shop in the Borough of Edwardsville, Pa. Her last day of work was April 15, 1960. Her hours of employment were 5 to 9 p.m. daily except Sunday. These hours had been specially established

for her convenience, so that she might use the family car as her means of transportation, since her husband used it during the day for travel to his place of employment.

The board found that claimant was absent from work April 16th (Easter Saturday) to April 21, 1960, without reporting to her employer, that continuing work was available to claimant had she desired to remain employed, and that adequate public transportation was available to the claimant. Bus service existed at Upper Askam which is one mile from her home.

The board declined to accept her contention that she was discharged because of her refusal to come to work at 10 a.m. on April 16th as allegedly requested by her employer. The employer denied that such a request had been made, and further denied she had advised it of any reason for her not reporting after April 15, at any hour or for any reason. Claimant contended further that lack of adequate transportation was the reason for her refusal.

Although claimant testified the family car was not available on April 16th, she admits it was available on April 19th and thereafter. However, she did not report for work and according to the testimony of Joseph Cutler, representing the employer, claimant, nevertheless, told him on April 21st that it was still unavailable and that she would call again when it was available and she was able to come back to work. In this connection it is noted that she said she was available for work in Nanticoke, and in fact did appear at the unemployment compensation office in Kingston on April 18th.

The sole issue in this case is whether claimant lacked adequate transportation to reach her work on April 16th and thereafter. It is not contended by the employer or board that she was guilty of willful mis-

conduct for failing to report off. The board found she did not lack such transportation and, therefore, she did not have a "necessitous and compelling" cause for leaving her employment.

We have repeatedly stated that the reason ascribed for one leaving his employment must meet the test of ordinary common sense and prudence. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405. We have also said that the circumstances prompting the severance must be "real not imaginary, substantial not trifling, reasonable not whimsical." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898; *Goldstein Unemployment Compensation Case,* 181 Pa. Superior Ct. 255, 124 A. 2d 401.

Findings of fact made by the Board of Review, based upon competent testimony, are binding upon us and the credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the board as the ultimate finders of fact. *Allison Unemployment Compensation Case,* 193 Pa. Superior Ct. 370, 165 A. 2d 125; *Johnson Unemployment Compensation Case,* 192 Pa. Superior Ct. 283, 161 A. 2d 626.

Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, and giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380. Performing our duty in the present case in that manner, we find that the evidence sustains the findings and conclusions of the board.

The claimant had the burden of proving a reason of a necessitous and compelling nature for voluntarily ter-

minating her employment. *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55. She has failed to meet that burden. Inconvenience of available transportation between home and work is not necessarily good cause for leaving employment. *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870. In that case the claimant's difficulty with public transportation was limited to that which was available the first two or three miles from her home. In the present case it was only the first mile. In that case the difficulty was only occasionally; in the present case only on one or two days, since the family car was unavailable only on the 16th and possibly the 18th. See also *Zupancic Unemployment Compensation Case,* 186 Pa. Superior Ct. 252, 142 A. 2d 395, wherein it is pointed out that one who contends he has neither public nor private transportation available to him, places himself in the position of being unavailable for work and not attached to the labor market.

However, in our present case, the board has found upon sufficient evidence that claimant did have available public transportation. In addition she had her family car, and a working schedule whereby she could use it.

Any inconvenience or difficulty she encountered with her transportation was certainly not the unsurmountable problem contemplated under this Court's interpretation of what are necessitous and compelling reasons for voluntarily leaving her work.

Decision affirmed.