Sever Unemployment Compensation Case.

Argued April 12, 1962.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Austin J. Murphy, Jr.,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

This is an appeal from the decision of the Unem-
ployment Compensation Board of Review denying
claimant benefits under the provisions of section 401 (d)
of the Unemployment Compensation Law, 43 P.S.
§801 (d).   The claimant was last employed as a tele-
phone operator at Charleroi, Pennsylvania, and her
last day of work was July 16, 1960, when she was grant-
ed a maternity leave of absence.   On January 6, 1961,
claimant attempted to return to her employment but
was advised no work was available for her.   On May 19,
1961, the claimant was offered employment at the Char-
leroi office of the Bell Telephone Company, but advised
her employer that she was going to move to West New-
ton in about a month, and that transportation to Char-
leroi from West Newton would be uncertain since her
brother-in-law would drive her, but for how long he was
unable to say.

The sole question before us is whether claimant im-
posed such a condition to her re-employment as to dis-
qualify her from further benefits.   The board found
that she had.   We are in accord with the board.

Repeatedly it has been stated that a claimant, at all times, must be ready, able, and willing to accept suitable employment. *Grosser Unemployment Compensation Case,* 191 Pa. Superior Ct. 1, 155 A. 2d 418; and that inconvenience of available transportation between home and work is not necessarily good cause for leaving employment. *Sledziowski Unemployment Compensation Case,* 195 Pa. Superior Ct. 337, 171 A. 2d 546; *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870; or for refusing a referral, *Brown Unemployment Compensation Case,* 194 Pa. Superior Ct. 76, 166 A. 2d 100.

In the present case the distance of twelve miles from residence to place of employment cannot be held to be too great a distance since the claimant would be in the same labor market at her new address, and the record is devoid of showing any attempt on her part to arrange or find transportation except as indicated previously.

The board found that this claimant imposed a condition which had the effect of rendering her re-employment temporary, whereas full-time employment was offered and intended. Since findings and reasonable inferences made by the board are conclusive and binding on this Court, if supported by the evidence, the decision in this case must be affirmed.

Decision affirmed.