Faulkiner Unemployment Compensation Case.

Argued March 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Kenneth B. Lee,* with him *John M. Musselman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., March 21, 1963:

The claimant in this unemployment compensation case was denied benefits by the bureau, the referee and the board on the ground that she terminated her employment without cause of a necessitous and compelling nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802, which provides:

"An employe shall be ineligible for compensation for any week— . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . ."

The claimant had been employed in Muncy by the Weldon Manufacturing Company. While at work on December 9, 1960, she became ill, and received permission of her floorlady to go home. On December 23, 1960, she returned to her employer's office for a pay check. She says that she was then told by an office employe that her employer had transferred its operation to Williamsport, and that she should file for unemployment compensation. She made no effort, then or thereafter, to contact the superintendent of the company or her floorlady.

The claimant must show that her conduct has met the standards of ordinary common sense and prudence, and that she acted in good faith in attempting to maintain the employer-employe relationship. *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405 (1955).

It is clear from the record that the claimant could have continued to work for the same employer at the same rate of pay and under similar working conditions except that the employment was in Williamsport instead of Muncy.

The claimant and her husband lived in Sullivan County about 32 miles from Muncy, where they had both been working. They owned an automobile which was used to bring them to Muncy for their employment. They were a part of a "car pool" involving two other people employed in Muncy who took turns in driving their own automobiles. The claimant's husband stopped work daily at 4 o'clock and was ready to leave Muncy for his home shortly thereafter, but the claimant would not be able to get to Muncy from Williamsport until between 4:30 and 5 o'clock.

When the claimant picked up her check on December 23, she made no effort to return to her job at its new location and in a subsequent letter to her employer set forth as the reason for her refusal to accept continued employment in Williamsport that the inconvenience of transportation was too great.

The board held that her failure to notify her employer of her illness between December 9 and December 23 was not consistent with a desire to remain employed. Her employer knew that she was ill on December 9. She had been ill for several weeks on two prior occasions, and her return to work was permitted by her employer even though she did not contact him after notifying him of the reason for her absence on the first day of her illness. We need not decide whether her failure to notify her employer further between December 9 and December 23 would, standing alone, disqualify her for benefits. See *Antinopoulas Unemployment Compensation Case,* 181 Pa. Superior Ct. 515, 124 A. 2d 513 (1956), and *Vernon Unemployment Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383 (1949).

It is evident that she voluntarily quit her employment because of transportation inconvenience. It is clear, also, from undisputed evidence that these transportation inconveniences were not serious enough to constitute good cause for quitting her employment. See *Sever Unemployment Compensation Case,* 198 Pa. Superior Ct. 194, 181 A. 2d 913 (1962); *Sledziowski Unemployment Compensation Case,* 195 Pa. Superior Ct. 337, 171 A. 2d 546 (1961); *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959); *Szojka Unemployment Compensation Case,* 187 Pa. Superior Ct. 643, 146 A. 2d 81 (1958); *Zupancic Unemployment Compensation Case,* 186 Pa. Superior Ct. 252, 142 A. 2d 395 (1958).

The claimant and her husband could have easily worked out her transportation problem had she desired to continue her employment. Her conduct was not consistent with one who desires to continue employment. A claimant, at all times, must be ready, able and willing to accept suitable employment. *Sever Unemployment Compensation Case,* supra.

Decision affirmed.