Mary Borman, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

242

Submitted on briefs January 11, 1974, to Judges
KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel
of three.

*Samuel M. Liebman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, February 27, 1974:
This is an appeal filed by Mary Borman (Borman)
from an order of the Unemployment Compensation

Board of Review (Board) dated May 10, 1973, in which the Board affirmed the adjudication of its referee and thereby denied unemployment compensation benefits to Borman.

Borman was employed for approximately four years by Trans World Airlines, Inc. (TWA) as a reservation sales agent at TWA's office in Center City, Philadelphia, and at the time in question was a resident of Barrington, New Jersey, a suburb of Camden. According to Borman's testimony, TWA was overstaffed and there was a slack period each January, which necessitated a reduction in the TWA work force whereby some of the full-time employes, such as Borman, were requested to work a four-day, 16-hour week, at $4.06 per hour. Borman's last day of full-time work was January 9, 1972, and she filed an application for benefits the next day. The record clearly states that although Borman was offered part-time work, she voluntarily requested to be furloughed. She returned to full-time employment with TWA on April 17, 1972.

The Bureau of Unemployment Security denied her claim on March 22, 1972, and she filed an interstate appeal after which a hearing was held before a Pennsylvania referee in Philadelphia, resulting in an adjudication by the referee on September 1, 1972, affirming the Bureau and denying benefits. Borman then appealed to the Board and was granted two additional hearings, after which the Board found that Borman was offered part-time work, which she did not accept because her automobile had been stolen on January 8, 1972, and she believed it would be uneconomical for her to work the shortened hours and pay for public transportation. The Board concluded that she should be denied benefits under the provisions of Section 402(b)(1) of The Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802, which reads as follows: "An employe shall be ineligible for

compensation for any week—(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . ."

In her appeal to this Court, Borman contends that we should reverse the Board because (1) her automobile was stolen; (2) the pay for a partial week made it uneconomical for her to accept such work; (3) it was dangerous to commute by public transportation during off hours; and (4) she had an alleged physical disorder which would have been aggravated by a late night trip on public transportation. In essence, she argues that her reasons for refusing to accept part-time work and thereby voluntarily requesting a furlough were of a compelling and necessitous nature.

We have stated many times that our scope of review in unemployment compensation cases is confined to questions of law, and absent fraud, a determination as to whether the Board's findings are supported by the evidence. *See Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973); *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972). In yet another case, *General Motors Corporation Unemployment Compensation Cases,* 9 Pa. Commonwealth Ct. 221, 226, 306 A. 2d 399, 402 (1973), we stated: "We have stated on various occasions that findings and decisions of the Unemployment Compensation Board of Review supported by substantial evidence (and absent an error of law or a showing of fraud) must be affirmed." *See also* Section 510 of The Unemployment Compensation Law, 43 P.S. §830.

A claimant for unemployment compensation benefits who becomes unemployed by voluntary termination of his work bears the burden of proving that such termination was with cause of a necessitous and compelling

nature. *See Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973), and *Domico Unemployment Compensation Case*, 198 Pa. Superior Ct. 327, 181 A. 2d 731 (1962). We also recognize that the employe may carry his burden of proving such cause by demonstrating conduct comporting with ordinary common sense and prudence. *See Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A. 2d 380 (1973). With regard to Borman's transportation contention, the courts of this Commonwealth have stated many times that transportation inconveniences must be serious and unreasonable to constitute good cause under the statute. *See Faulkiner Unemployment Compensation Case*, 200 Pa. Superior Ct. 398, 188 A. 2d 803 (1963). Although the public transportation necessitated by the loss of Borman's automobile may have been inconvenient or relatively expensive, the record does not set forth a cause of such a necessitous and compelling nature so as to justify her voluntary furlough. The contentions involving the alleged physical disability and the fear caused by the possible assignment to night part-time duties are likewise not supported in the record. Borman's contention that it would have been uneconomical to accept part-time work and rely on public transportation is also without merit for the reason that Borman could have accepted the part-time work offered and filed a claim for partial unemployment compensation. *See* Sections 4 and 404 of the Act, 43 P.S. §753(j)(4) and 43 P.S. §804. The benefits thereby derived may have offset the cost of public transportation and thus made part-time work more desirable to Borman.

Our review of this entire record permits us to conclude that Borman has failed to meet her burden of proving that her voluntary furlough was with cause of a necessitous and compelling nature. The record con-

tains substantial evidence supporting the findings and conclusions of the Board. We therefore affirm the Board's adjudication denying unemployment compensation benefits to Borman.