Hazel D. Boob, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 5, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Hazel D. Boob,* appellant, for herself.

*Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 1, 1975:

This is the appeal of Hazel Boob (claimant) from an adjudication of the Unemployment Compensation Board of Review (Board) that she was ineligible for compensation because she voluntarily left work without cause of a necessitous and compelling nature.[1] The claimant had been employed by Bro-Dart Industries, Inc. (Bro-Dart) in Williamsport, located some forty to fifty miles from her residence in Beech Creek. She states that she was forced to resign on September 29, 1972 because her car broke down and she was unable either to acquire a replacement or to obtain other reasonable public or private transportation to and from work. The Board determined that this was not a sufficient and compelling reason for voluntarily terminating her employment and benefits were denied. This appeal followed.

Under Section 402 of The Unemployment Compensation Law, 43 P.S. §802:

"An employee shall be ineligible for compensation for any week—

"b(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

"[T]ransportation inconveniences must be serious and unreasonable to constitute good cause under the statute." *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 245, 316 A.2d 679, 681 (1974). Transportation inconvenience must present an insurmountable problem and the burden of proof lies with the claimant. *Sledejowski Unemployment Compensation Case*, 195 Pa. Superior Ct. 337, 171 A.2d 546 (1961); *Davidson Unemployment Compensation Case*, 189 Pa. Superior Ct. 543, 151 A.2d 870 (1959); *Szojka Unemployment Compensation Case*, 187 Pa. Superior Ct.

---

1. See Section 402(b)(1) of the Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

643, 146 A.2d 81 (1958). *See also, Dower Unemployment Compensation Case,* 179 Pa. Superior Ct. 201, 115 A.2d 878 (1955). At oral argument the Board conceded that the claimant met this very stringent test.

Absence of transportation, however, may in itself render the claimant unavailable for suitable work under Section 401(d) of the Unemployment Compensation Law thus making her ineligible for benefits. *Bledsoe v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 34, 317 A.2d 320 (1974); *Zupanic Unemployment Compensation Case,* 186 Pa. Superior Ct. 252, 142 A.2d 395 (1958). The Board here failed to consider that issue, however, and we must, therefore, remand the case for determination on that matter. We issue, therefore, the following

ORDER

AND NOW, this 1st day of May, 1975, the order of the Unemployment Compensation Board of Review is hereby reversed and the record remanded to the Board for a determination consistent with the above opinion.