Charles E. Mitchell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

292

*Frederick W. Heintz,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 30, 1979:

The appellant was denied unemployment compensation benefits by the Bureau of Employment Security on the basis that he had voluntarily terminated his employment without cause of a necessitous and compelling nature and so was barred from receiving benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law[1] (Act). This holding was affirmed on appeal by the referee and by the Unemployment Compensation Board of Review (Board). This appeal followed.

The record indicates that the appellant had been employed by Seven Springs Farms (Seven Springs) for four years as a ski mechanic. When originally employed, he had lived in West Connellsville, Pa. which required a 64-mile round-trip to Seven Springs. At that time both he and his wife were employed at the same place and made the trip together. Because

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

of a change in domestic circumstances, however, his wife's employment was discontinued and the couple moved to Mellcroft, which required only a 14-mile round trip to Seven Springs. Subsequently, however, they were required to vacate the apartment in Mellcroft and they moved back to Connellsville so that he again had a long round-trip to make. He testified that he had looked for another residence closer to Seven Springs but was unable to find an acceptable location because available homes were too expensive, and he further testified that he would have had no place to store extra furniture if he had moved into a trailer court where housing was available. He asked for an increase in wages to compensate for his additional traveling costs, which his employer was unable to grant, and he then terminated his employment. This was two weeks following his move to Connellsville. He says that he had to quit because he could not afford the cost of transportation to and from his work.

The law is clear that, while transportation inconveniences may provide a necessitous and compelling cause of leaving employment, they must be so serious and unreasonable as to present a virtually insurmountable problem. *Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978). It is also required that a claimant must demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship. *Lee v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 461, 401 A.2d 12 (1979). It is noteworthy here that the appellant continued working for only two weeks following his move back to Connellsville, and there is nothing in the record to indicate that he investigated the possibilities of a car-pooling arrangement or public transportation which probably could have reduced the cost of com-

muting and made the transportation cost not so economically burdensome. *Szojka Unemployment Compensation Case*, 187 Pa. Superior Ct. 643, 146 A.2d 81 (1958). When the appellant here began his work at Seven Springs, he commuted approximately the same distance which was required at the time he quit work, and it may therefore be presumed that the commuting distance originally was acceptable. Moreover, the choice to move back to a residence requiring a similar commuting distance, after he had moved out of the Mellcroft residence, was his. The Referee and the Board apparently believed that his conduct was not consistent with that of a person who desires to continue employment, *see Faulkner Unemployment Compensation Case*, 200 Pa. Superior Ct. 398, 188 A.2d 803 (1963), and did not evidence a " 'sincere desire for work that will overcome the surmountable obstacles which workers everywhere encounter.' Zupancic Unemployment Compensation Case, 186 Pa. Superior Ct. 252, 256, 142 A.2d 395, 397 (1958)." *Szojka Unemployment Compensation Case*, 187 Pa. Superior Ct. at 645-46, 146 A.2d at 83.

The appellant argues for the first time here that he was forced to leave his employment due to domestic obligations and so would still be eligible for benefits pursuant to Section 402(b)(2) of the Act. 43 P.S. §802(b)(2). The Bureau, the referee and the Board, however, found the appellant to be ineligible under Section 402(b)(1), and we will not therefore consider this newly advanced argument here on appeal.

We will affirm the conclusion of the Board that the appellant failed to establish that he had a cause of necessitous and compelling nature for voluntarily leaving his work and that he is therefore barred from benefits by the provisions of Section 402(b)(1) of the Act. 43 P.S. §802(b)(1).

ORDER

AND Now, this 30th day of August, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.