521 A.2d 92

John Matusavage, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*John Matusavage, Jr.,* petitioner, for himself.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 17, 1987:

John Matusavage Jr. (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the referee's determination that Claimant was financially ineligible to receive unemployment compensation benefits due to Claimant's failure to meet certain requirements pertaining to base year wages under Section 401(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(a).[1] We affirm.

Claimant was last employed as a police officer by the United States Federal Protective Service (Employer) from June 6, 1977 through January 28, 1982. Claimant filed an application for benefits effective November 25, 1984, thereby establishing as a base year the period from July 1, 1983 through June 30, 1984. After Claimant's separation from employment, Employer issued Claimant a check for $667.91 on March 14, 1984, which the referee found represented an amount due Claimant for work performed prior to his separation on January 28, 1982.

---

[1] Section 401(a) of the Act, 43 P.S. §801(a), reads:
Compensation shall be payable to any employe who is or becomes unemployed, and who—
(a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, that not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

Following a hearing attended by both Claimant and a representative of the Employer, the referee found Claimant to be financially ineligible to receive benefits pursuant to Section 401(a) of the Act. The Board affirmed the referee's decision, and Claimant petitions for review to this Court.[2] We affirm.

Claimant raises a number of issues. He argues first that the referee improperly relied on hearsay evidence in determining that Claimant was not employed by Employer after January 28, 1982 and that the check which Claimant received from Employer on March 14, 1984 was for services rendered *prior* to Claimant's separation date. Claimant argues to the contrary that Employer orally re-hired Claimant to audit his own payroll records, at various times during October, November, and December 1983, and that the check was issued as payment for the audit.

While the testimony of Employer's representative may have been hearsay, the referee's findings of fact are still supported by substantial evidence because Claimant's own testimony corroborated that of Employer's representative. The notes of testimony disclose numerous instances where Claimant acknowledges that his last day of employment was January 28, 1982 and that the check he received in 1984 was for work performed prior to January 28, 1982. While as a general proposition, hearsay evidence cannot be used by a referee as a basis for findings of fact, *Bower v. Unemployment Compensation Board of Review*, 97 Pa. Commonwealth Ct. 337, 509 A.2d 922 (1986), when the hearsay which

---

[2] In an appeal from an administrative adjudication, our scope of review is limited to determining whether constitutional rights have been violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

is not objected to is corroborated by other competent evidence, it can support such findings.[3] *Socash v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 516, 451 A.2d 1051 (1982). Here, Claimant's own testimony corroborated Employer's testimony that Claimant was last employed on January 28, 1982 and that the payment made to Claimant in 1984 was for services performed before January 28, 1982.[4] Accordingly, the referee's findings of fact were supported by substantial evidence and will not be disturbed.

Claimant next argues that the referee erred by finding that, despite Claimant's receipt of $667.91 from the Employer in March 1984, Claimant was nevertheless financially ineligible for benefits under Section 401(a). We disagree. Even accepting *arguendo* Claimant's contention that the money was payment for auditing services performed in the fourth quarter of 1983, Claimant would still be ineligible under Section 401(a). By Claimant's own admission, he performed no other work during his base year (7/1/83 to 6/30/84), and thus received wages in only that one quarter (the first quarter of 1984) of his base year. Section 401(a) expressly requires that a claimant be paid at least 20 percent of his total base year wages in one or more quarters *other than the highest quarter in the claimant's base year* in order for him to be financially eligible for benefits.

---

[3] Although Claimant appeared at the referee's hearing without counsel it is clear that he raised no objection in any manner at that time to the testimony of the Employer's witness.

[4] Because Claimant does not raise the issue before this Court, we need not, and do not, decide whether, in light of our Supreme Court's recent decision in *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986), this payment would be allocated to the quarter in which it was received by Claimant, or the quarter in which Claimant performed the work to earn it.

Accordingly, even assuming Claimant was paid wages in the first quarter of 1984, he admittedly received no other wages during any other quarter of his base year, and the referee was correct in ruling Claimant financially ineligible under Section 401(a).

Claimant last contends that the referee was biased against him because, apparently, the same referee had presided over an earlier unemployment compensation case involving Claimant and had ruled adversely to him. Although we have found no cases precisely on point, this situation is analogous to that where a criminal defendant appears before a judge who had presided over an earlier, separate trial involving the defendant. The simple fact that the same judge presided over an earlier case involving the same criminal defendant is insufficient to show disqualifying bias; additional evidence showing bias, prejudice or unfairness must be adduced. *Commonwealth v. Edney*, 318 Pa. Superior Ct. 362, 464 A.2d 1386 (1983). Similarly, in an administrative proceeding, without any additional evidence of bias being introduced, the presiding official is not disqualified merely on the basis of having presided over a previous case involving one of the parties. Claimant here failed to introduce any evidence that the referee in this case was biased or in any way less than impartial.

Affirmed.[5]

---

[5] Claimant also argues that the referee erred by failing to admit into evidence certain alleged time-cards and a copy of a civil suit for back wages filed by Claimant against Employer. Since these issues were not raised before the Board, however, they cannot be raised for the first time on appeal to this Court. *Mitchell v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 291, 405 A.2d 598 (1979); Pa. R.A.P. 302(a).

42

## ORDER

Now, February 17, 1987, the order of the Unemployment Compensation Board of Review, No. B-238427 dated February 28, 1985, is affirmed.