552 A.2d 1163

Bethlehem Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 22, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Jason S. Shapiro, McNees, Wallace & Nurick,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, January 25, 1989:

Petitioner, Bethlehem Steel Corporation, seeks review of an order of the Unemployment Compensation Board of Review (Board), which reversed the referee's decision to deny benefits to Carol Ann Krasley, claimant. We affirm.

Claimant was employed by petitioner as an operations clerk for twenty-one years. On August 26, 1987, the petitioner informed claimant that her position as operations clerk was to be abolished, and told her that a test lab clerk in the main lab was available, effective August 31, 1987. The Board found that the claimant refused the offer because the duties as test lab clerk were different from operations clerk.[1] Accordingly, the Board found that claimant had cause of a necessitous and compelling nature for terminating her employment pursuant to section 402(b) of the Unemployment Compensation Law (Law)[2], and granted benefits.

---

[1] The Board found that the claimant's duties as an operational clerk were generally stenographic and clerical in nature such as filing documents and typing various reports and office correspondence. However, the Board found that the duties of the test lab clerk included processing hourly time sheets; generating special allowances for hourly employees and special rates for temporary foremen; reviewing all operator-produced mechanical test reports; operating the computer terminal to develop various test curves; and operating the computer terminal to generate and update report programs and develop the department data base. At the hearing before the referee, the employer's witness testified that the claimant was offered the same pay rate for the job as a test lab clerk as she was receiving as an operations clerk. Notes of Testimony at 21. The Board concluded that a comparison of the operations clerk duties with those of the test lab clerk indicates their disparity.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *amended,* 43 P.S. §802(b).

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Section 402 of the Law, 43 P.S. §802, provides, "An employee shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, ... to accept suitable work when offered to him ... by any employer.... "

One who becomes unemployed by a voluntary termination of his or her work, bears the burden of proving that such termination was with cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974). If claimants are "forced to accept employment which is not 'suitable', as defined in the Unemployment Compensation Law, a door is closed on them to locate and accept employment commensurate with their training, experience and prior earnings." *Shay v. Unemployment Compensation Board of Review,* 424 Pa. 287, 290, 227 A.2d 174, 176 (1967). Our Supreme Court has discussed the concept of "suitable work," noting that "in determining suitability of work, prior training and experience are inevitable touchstones of deliberation." *Id.* at 290, 227 A.2d 176.

The Board found that claimant's prior training and experience were comprised mainly of clerical and stenographic duties, and a comparison of the operations clerk duties with that of the test lab clerk indicates their disparity. The Board concluded that claimant had no experience in many of the duties required as a test lab clerk, and therefore, claimant had cause of a necessitous and compelling nature for terminating her employment.

We find substantial evidence in the record to support the Board's findings.

Accordingly, we affirm.

ORDER

NOW, January 25, 1989, the order of the Unemployment Compensation Board of Review, Decision No. B-266072, is affirmed.