Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Lawrence J. Boyle, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER, and WILKINSON, JR., sitting as a panel of three.

*Harold I. Goodman,* with him *Cassandra M. Menoken,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 19, 1975:

In this direct administrative appeal, we are asked to decide whether the Unemployment Compensation Board of Review (Board), Appellee herein, in applying Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), to Lawrence Boyle (Claimant) denying him compensation, erred under the recent Supreme Court pronouncement in *Lattanzio v. Unemployment Compensation Board of Review,* —— Pa. ——, 336 A. 2d 595 (1975).

Claimant was last employed by Merit Protective Service as a crew chief and shipper at a weekly wage of $100.00 having served in that capacity seven months prior to termination. When he first reported for work. Claimant was told to, and did, maintain his hair at what was mutually considered to be a reasonable length. The referee found, and the Board adopted as fact, that during the final two months of his employment, Claimant "grew a beard and allowed his hair and moustache to grow to unreasonable lengths." On May 2, 1974, four days prior to the termination, Claimant was told by his immediate supervisor that he must shave his beard and cut his hair because the company president who was to visit the operation on May 7, 1974, preferred that the employees maintain short hair and clean shaven faces. Apparently the supervisor's instruction was given in an attempt to preclude a potential controversy because the record reveals that this supervisor on several prior occasions had told Claimant he had no objections to his appearance. On the day before the president's visit, Claimant informed the supervisor that he could not comply with the order because he believed that the condition of his hair in, no

way adversely affected his job performance. On these facts the referee and Board denied compensation pursuant to Section 402(b)(1), 43 P.S. §802(b)(1).

Our reading of *Lattanzio* gives rise to the conclusion that the Board has a heavy burden indeed to defend its denial of benefits for failure of an employee to either shave or have a haircut upon request. *Lattanzio* and the instant case are strikingly similar, but for the fact that the former presented a factual posture in which Claimant was *returning* to work as a security guard after a layoff when he refused to comply with a haircut order of the employer, thus calling into play a Section 402(a), 43 P.S. §802(a)[1] situation where the standard for refusing suitable work is *good cause*. In this case, Claimant was in a *continuing* employment situation when his failure to abide by the employer's grooming request caused the termination. The basis for denial of benefits here is Section 402(b)(1), 43 P.S. §802(b)(1)[2] which provides *inter alia* that compensation will be denied where "the unemployment is due to a voluntary leaving work *without cause of a necessitous and compelling nature.*" (Emphasis added.)

Therefore, our decision resolves to the question of whether an employer's haircut order as a condition of continuing an employment is as repugnant as conditioning the commencement of employment on such an order. Phrased differently, given that our Supreme Court has already held that an individual when seeking employment has the right to determine his personal appearance in a job setting where that appearance is in no way essen-

---

1. Section 402(a) states in relevant part: "An employee shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work or to accept suitable work...."

2. Section 402(b)(1) states in relevant part: "(b)(1) In which his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature...."

tial to the performance of job duties, can we now hold that the right to determine personal appearance does not equally attach to an employee who already enjoys an employment relationship? To so hold would pervert and circumvent the letter and spirit of *Lattanzio*.

We recognize that the standard of good cause in Section 402(a) is not the same as termination without cause of a necessitous and compelling nature under Section 402(b)(1), but similar consideration applies to both situations. The Supreme Court in *Lattanzio* adopted the standard for good cause under *Bentz Unemployment Compensation Case*, 190 Pa. Superior Ct. 582, 155 A. 2d 461 (1959) which states:

> "The reasons for refusal of offered work must be *substantial* and *reasonable, not arbitrary, whimsical, capricious* or *immaterial.* Sweeney Unemployment Compensation Case, supra, 177 Pa. Super, 243, 248, 110 A. 2d 843. Good cause for refusing a referral rests *on good faith,* and good faith, as used in this context, includes positive conduct on the part of the claimant which is consistent with a genuine desire to work and to be. self-supporting. Brilhart Unemployment Compensation Case, 159 Pa. Super. 567, 569, 49 A. 2d 260." *Lattanzio v. Unemployment Compensation Board of Review, supra,*    Pa. at    336 A. 2d at 598. (Emphasis added.)

And recently in *United States Steel Corporation v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 71, 75, 333 A. 2d 807, 809 (1975), this Court set out the parameters of Section 402(b)(1), stating:

> "As we said in Alcoa,[3] to sustain his burden of showing that his voluntary termination was with cause of a necessitous and compelling nature, a claim-

---

3. *Aluminum Company of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A. 2d 854 (1974).

ant must show that his conduct was *'consistent with ordinary common sense and prudence.'* 15 Pa. Comwlth, at 84, 324 A.2d at 857; Zinman v. Unemployment Compensation Board of Review, 8 Pa. Comwlth. 649, 305 A. 2d 380 (1973). The forces influencing an employe to end his relationship with his employer must be *'real not imaginery, substantial not trifling'* and *'reasonable not whimsical.'* Goldstein Unemployment Compensation Case, 181 Pa. Super. 255, 124 A. 2d 401 (1956)." (Emphasis added.)

Certainly common sense, reason and whim play decisive roles in either determination and upon review of the record before us, we find no caprice whatever in the employee's decision to terminate. Nor can we find evidence that hair length or appearance were essential work ingredients in Claimant's position as crew chief and so we must

ORDER

AND NOW, this 19th day of November, 1975, the order of the Unemployment Compensation Board of Review denying benefits to Lawrence Boyle is hereby reversed and the record remanded to the Board for proper calculation and award of benefits.