Martinez Unemployment Compensation Case.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Abad D. Martinez,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY RHODES, P. J., April 16, 1958:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review denying compensation on the ground that claimant was disqualified under section 402 (b) of the Law, 43 PS §802 (b). This section provides:

"An employe shall be ineligible for compensation for any week— . . .

"(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . ."

The facts are not in dispute. The question presented to us is whether on the basis of these facts the board

.properly concluded that claimant's unemployment was due to his voluntarily leaving work without cause of a necessitous and compelling nature. This is a question of law. *Labor and Industry Department v. Unemployment Compensation Board of Review*, 133 Pa. Superior Ct. 518, 520, 521, 3 A. 2d 211; *Vernon Unemployment Compensation Case*, 164 Pa. Superior Ct. 131, 133, 63 A. 2d 383.

Claimant was last employed by Stone Container Corporation of Philadelphia; his last day of work was April 27, 1957. He had been employed by that firm as a machine operator for eight years prior thereto. On his last night of work claimant informed his foreman that he was going to Puerto Rico to visit his elderly mother who had sustained an accident; the foreman told claimant that it was "all right." The foreman, however, apparently had no authority to grant a leave of absence. Claimant left Philadelphia on Sunday night, April 28, 1957, for Puerto Rico. On April 30, 1957, he wrote two letters; one in Spanish to his wife, and another in English to the plant manager explaining the emergency situation and his intention to return to work in two or three weeks. Unfortunately the letters were placed in the wrong envelopes with the result that the letter to claimant's wife was received by the plant manager and the other letter by his wife. The envelope received by the plant manager on May 2, 1957, also contained a slip of paper requesting that claimant's check be sent to him at the Puerto Rico address. The plant manager, realizing what had happened, personally delivered the wife's letter to the home of claimant, but he did not have an opportunity to talk to claimant's wife as she was working at the time. On May 9, 1957, a check was sent to claimant and he was replaced by the employer. On May 20, 1957, twenty-three days after he informed his foreman

that he was leaving for Puerto Rico, claimant returned and was told that he had been replaced.

Claimant was denied compensation by the bureau, the referee, and the board.

On the basis of the above facts, the board concluded:

"We feel the claimant did not take the necessary precautions to guard his job which a reasonable prudent person would have taken, thereby abandoning the employer-employe relationship. Therefore, claimant is disqualified from receiving benefits under the provisions of section 402 (b) of the Law." The board apparently was of the opinion that the claimant had originally left with "good cause" but that due to the lapse of time his absence had become an abandonment of employment and a voluntary termination of the relationship of employer and employe on the authority of *Burton Unemployment Compensation Case,* 180 Pa. Superior Ct. 255, 257, 119 A. 2d 868. When it is necessary for an employe to temporarily absent himself from his employment, it becomes his duty to give the employer timely notice of the fact and to seek a leave of absence or otherwise manifest his intention not to abandon the labor force; and the burden is on the employe to keep alive the employer-employe relationship after the expiration of a reasonable time for the temporary absence. *Antinopoulas Unemployment Compensation Case,* 181 Pa. Superior Ct. 515, 518, 124 A. 2d 513.

Claimant, confronted with an emergency due to an accident involving his mother in Puerto Rico, informed his foreman that he was leaving. When he arrived in Puerto Rico he mailed the two letters, one to his wife, and one to his plant manager explaining the situation, but because of a mistake the letters were misdirected. It is clear that he fully intended with good faith to

keep alive the employment relationship, and that he promptly attempted to do so under the exigencies of the situation. By an unfortunate occurrence his efforts in this respect were not fully consummated. When claimant returned to work just twenty-three days after leaving, which was not an unreasonably long period of time under the circumstances, he found himself unemployed. On basis of the admitted facts claimant should not have been disqualified under section 402 (b).

We recognize that whether a claimant has taken reasonable precautions to guard his employment status is primarily a question of fact for the board. *Antinopoulas Unemployment Compensation Case,* supra, 181 Pa. Superior Ct. 515, 522, 124 A. 2d 513. But here the facts are clear and not in dispute. Claimant took such precaution but became the unfortunate victim of a mishap not uncommon. Neither the evidence nor the findings of the board support its conclusion. On the contrary, they affirmatively establish that claimant was not chargeable with fault.

The decision of the Unemployment Compensation Board of Review is reversed, and the record is remanded to the board for determination of the proper compensation due claimant.