[Civ. No. 41945. Second Dist., Div. Two. Jan. 22, 1974.]

MADELEINE DE SOMOV, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Appellant.

846

COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Ronald Gold, Deputy Attorneys General, for Defendant and Appellant.

Nelson Samuel Magedman for Plaintiff and Respondent.

OPINION

**ROTH, P. J.**—Appellant, California Unemployment Insurance Appeals Board (Board) appeals from a judgment granting respondent, Madeleine De Somov, a writ of mandamus.

Interpretation of the terms of "sole" and "major" in section 1264 of the Unemployment Insurance Code is the sole issue.

Respondent at the time of her marriage in June of 1970 to her current husband had two children, a 15-year-old boy and a 14-year-old girl. She was then and has since been employed as a sales representative. Her husband was employed as a part-time actor and roofer.

In the early part of 1972 husband was notified that his father who resided in Florida, was dying of cancer and his presence was required. He had been working on a picture and worked another week and a half before he quit his employment and went to Florida. Respondent's duties as a sales representative generally required that she be out of the city for approximately six weeks in periodic intervals. She was unsuccessful in her efforts to manage shorter trips and since her teenage children could not be unsupervised for long periods of time, she quit her employment on the 18th of February 1972.

In April 1972, respondent filed a claim for unemployment insurance. It was denied by the department on the ground that she was not the "major support" of her family. She appealed and at a hearing before a referee, it was established that respondent's husband was a disabled veteran with a 60 percent disability rating and as a result of that disability he receives a pension of $163 a month and that their respective earnings for the years of the marriage were as follows:

|      | Respondent | Husband |
|------|-----------|---------|
| 1970 | $13,000 | $6,200 plus $1,956 pension |
| 1971 | $15,600 | $1,000 plus $1,956 pension |
| 1972 | $ 1,200 | 19 days work on a motion picture plus $326 pension |

The referee affirmed the department's ruling on the ground that respondent was not the "major support" of the family. Respondent petitioned the superior court for mandamus and that court determined respondent was the major support of her family and granted the petition. This appeal followed.

Unemployment Insurance Code section 1264 denies unemployment insurance benefits to any person who leaves his or her employment for domestic reasons, but has an escape clause limiting application of the section as follows: "The provisions of this section shall not be applicable if

the individual at the time of such voluntary leaving was and at the time of filing a claim for benefits is the *sole or major support* of his or her family." (Italics added.)

Rules and regulations formally adopted by the director of the department covering the application of section 1264, are found in title 22, section 1264-1 of the California Administrative Code which reads as follows: "1264-1. Marital or Domestic Duties, Family and Major Support of Family Defined. (a) 'Marital duties' include all those duties and responsibilities customarily associated with the married status.

"(b) 'Domestic duties' include those duties which relate to the health, care, or welfare of the family or household and other duties reasonably required for the comfort and convenience of the family or household.

"(c) 'Family,' for the purposes of this section, means spouse, or parent, child, brother, sister, grandparent, or grandchild, of either spouse, whether or not the same live in a common household.

"(d) 'Major support' of a family shall be presumed to be the family members, in the order provided below:

"(1) The husband or father

"(2) The wife or mother in any family in which there is no husband or father.

"Notwithstanding the above provisions, in any case in which a member of a family as defined above can show that he or she is providing the major means of support (more than one-half) then that individual shall be deemed the major support of the family. No more than one person may be the major support of the family."

Board argues that since respondent's husband was working on the day that she left work, and since he was receiving a disability pension of $163 a month when she filed for benefits she was not the major support of the family. Respondent urges that the legislation by use of the terms "sole or major support" of the family in section 1264 recognized that the major support of the family could be unemployed even though the other spouse was employed. She also argues that her husband's disability pension is not income within the meaning of section 1264 since it is not taxable as income under the Internal Revenue Code section 104, subdivision (a)(4). Finally, she argues that if the section is interpreted in a literal manner the section denies her equal protection of the law within the meaning of the Fourteenth Amendment since subdivision (d) of the regulation presumes she is not the major support of her family, whereas the facts show that she was.

We do not decide the constitutional question. Section 1264 by using both "sole" and "major" indicates that there is a distinction to be made between the two terms. If the construction proposed by appellant were accepted, then the term "major support" would become meaningless since "major" and "sole" would become synonymous with one another. The facts show that respondent was in fact earning the major part of the family income at the time that she left her employment. Nothing indicates that her leaving of employment was anything other than temporary. She had been the major support of the family during the time of the marriage and there is nothing to indicate that husband's status has changed. The construction proposed by the Board would have the effect of rendering the escape clause of section 1264 nugatory since as long as one spouse was working he or she would be both the "major" and "sole" support of the family.

The Legislature in providing a safety valve intended to protect against a situation where either the "major support" of the family or the "sole support" of the family leaves the employment arena. As a practical matter respondent was the major support of the family.  ■  The term "major support" is intended to describe a status of the person at the time of employment, not at a time of unemployment since the term "major support" in conjunction with the phrase "at the time of filing for benefits" within section 1264 would be meaningless if the major support had to be working at the time of filing for benefits.

The terms "sole" and "major" support may at times overlap, but there is no requirement that they must. Even though respondent's husband worked for two weeks more than she did, she was still the "major support" of the family.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1974.