Linda M. Rettan, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

288

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Stephen D. Tompkins,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 26, 1974:

Linda M. Rettan (Rettan) was employed by Ariel Corporation of Erie, Pennsylvania, for a period of approximately two weeks. She worked as a machine operator and was paid for her services at the rate of $1.65 per hour. Although her work was satisfactory, she was observed by her supervisor to be holding her head very close to the rotating spindle on the machine that she was operating.

The supervisor discussed with Rettan her need for glasses. Rettan acknowledged that she did need them and had worn them in the past as stated in her work application but informed the supervisor that she had lost her glasses and did not have the money to purchase new glasses. Rettan was afforded a few days to find her glasses, but each day she reported to the supervisor that she had been unable to locate them. Thereafter, the supervisor informed Rettan that for safety reasons she could no longer work without glasses, but "as soon as she got her glasses she could come back to work."[1]

Rettan asserts that she has tried to obtain glasses but that she was informed she would have to pay cash and that she has not been financially able to purchase glasses on a cash basis.

Rettan was allowed unemployment compensation benefits as a result of the referee's determination that her unemployment was not due to her voluntarily leaving work. The Unemployment Compensation Board of Review (Board) reversed the referee and denied benefits because it determined that Rettan's unemployment was due to her "voluntarily leaving work without cause of a necessitous and compelling nature" and therefore

---

[1] In order to secure her last paycheck from Ariel Corporation, Rettan was required to sign a statement that she was "quitting." However, the employer admits that this was a procedure required by it and apparently is not asserting that this factor should be controlling here.

she was ineligible for benefits, in accord with the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, *as amended,* 43 P.S. §802(b) (1). This appeal followed and we reverse.

Our scope of review in unemployment cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). We hold that the Board erred as a matter of law in determining on this record that Rettan's unemployment was due to her voluntarily leaving work.[2] This question is one of law. *See Martinez Unemployment Compensation Case,* 186 Pa. Superior Ct. 50, 140 A. 2d 351 (1958).

Although it is true that Rettan was given a choice of obtaining glasses and retaining her employment or going without glasses and being unable to work at the Ariel Corporation, we do not conclude on this record that her failure to obtain glasses because of financial inability constituted voluntarily leaving work. There is no evidence of record that Rettan's financial situation was otherwise than that which she asserted. Nor does the record disclose any evidence that refuted her testimony that she made bona fide attempts to locate her lost glasses and to secure new ones.[3]

---

[2] Section 402(b)(1) of the Unemployment Compensation Law, *as amended,* 43 P.S. §802(b)(1), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

[3] In its decision, the Board specifically refers to "subsequent evidence" coming to the Board's attention relative to Rettan's fail-

Here we have a woman who was willing to work under a sight handicap and who was performing her work satisfactorily at some risk and danger to her own safety. Absent any evidence to refute her contention that her financial situation prevented her obtaining the needed glasses, we cannot conclude that this $1.65-per-hour machine worker left her employment voluntarily when her employer understandably insisted that she wear glasses as a prerequisite to continued employment.

We are reminded of the following paragraphs found in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 556-57, 45 A. 2d 898, 903 (1946):

" 'Voluntarily' and 'involuntarily' are antonymous and therefore irreconcilable words, but the words are merely symbols of ideas, and the ideas can be readily reconciled. Willingness, wilfulness, volition, intention reside in 'voluntarily,' but the mere fact that a worker wills and intends to leave a job does not necessarily and always mean that the leaving is voluntary. Extraneous factors, the surrounding circumstances, must be taken into the account, and when they are examined it may be found that the seemingly voluntary, the apparently intentional, act was in fact involuntary. A worker's physical and mental condition, his personal and family problems, the authoritative demand of legal duties,—these are circumstances that exert pressure upon him and imperiously call for decision and action.

"When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, cir-

---

ure to keep an eye appointment arranged by Public Assistance authorities. The Board improperly considered and relied upon a letter sent to the referee by the employer's supervisor *after* the hearing and *after* the referee's decision. This letter was never admitted into evidence but was merely forwarded to the Board. Rettan had no opportunity to refute the contents of the letter and apparently did not even know of its existence.

cumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits. The pressure of necessity, of legal duty, or family obligations, or other overpowering circumstances and his capitulation to them transform what is ostensibly voluntary unemployment into involuntary unemployment." (Emphasis in original. Footnote omitted.)

Accordingly, after a careful reading of this record, we conclude that the Board's determination that Rettan's failure to obtain glasses constituted voluntarily leaving work under Section 402(b)(1) of the Unemployment Compensation Law was incorrect as a matter of law.

We therefore issue the following

### ORDER

AND NOW, this 26th day of September, 1974, the order of the Unemployment Compensation Board of Review, relative to Linda M. Rettan, is reversed. The record is hereby remanded to the Board for further proceedings consistent with this opinion.