Sharon Simpson *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Sharon Simpson, Appellant.

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Walter L. Ferst,* with him *Weinstein and Factor,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 14, 1977:

Sharon Simpson (claimant) was employed as a floor hand for the Hugh Nelson Columbia Carpet Mills (employer). She was injured at work on February 22, 1973, and, after being treated for a period of a month and a half by a doctor associated with the employer's insurance carrier she was told that she had sufficiently recovered to do sedentary work, and she returned to work on May 4, 1973. Although she worked that day, she felt she was not recovered enough to continue working and so she did not return to work the next day but at once began treatments with a private physician who did not release her for work until September 5, 1973. When she then contacted her employer in regard to returning to work, however, she was informed that she had been replaced.

The claimant applied for benefits under the Unemployment Compensation Law[1] (Law) on October 28,

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. [1937] 2897, *as amended,* 43 P.S. §751 et seq.

1973, but benefits were denied by the Bureau of Employment Security (Bureau) which held that she had voluntarily left work without good cause and was, therefore, ineligible under the provisions of Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). This decision was affirmed by the referee and by the Unemployment Compensation Board of Review (Board), but, upon appeal to this Court, the case was remanded to the Board for the purpose of taking additional testimony and reconsidering its decision. After another hearing, the Board issued a new order again affirming the referee and denying benefits. This appeal followed.

In unemployment compensation cases, our scope of review is limited to questions of law and, absent fraud, to a determination of whether or not necessary findings of fact are supported by substantial evidence. *Unemployment Compensation Board of Review v. Finn*, 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976). The claimant argues here that the Board's finding that she failed to maintain her employer-employee relationship during the period of her recovery is not supported by the evidence.

Section 402(b)(1) of the Law, provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Although sickness may be good cause for leaving work, continued absence from work may, through the lapse of an unreasonably long period of time, become a voluntary termination of the employer-employee relationship without good cause so as to preclude a recovery under Section 402(b)(1). *Unemployment*

*Compensation Board of Review v. Tate*, 22 Pa. Commonwealth Ct. 4, 347 A.2d 501 (1975). In a case of such prolonged absence the burden, of course, is on the employee to manifest to his employer his intention not to abandon his employment and to keep alive the employer-employee relationship after the expiration of a reasonable time for a temporary absence. *Martinez v. Unemployment Compensation Board of Review*, 186 Pa. Superior Ct. 50, 140 A.2d 351 (1958).

In this case, the Board found that:

10. The claimant, following her release from the insurance company's clinic on May 8, 1973, failed to notify or to present medical certification to her employer that she was being treated by another physician and was unable to work until September 5, 1973.

This finding was based on the employer's testimony that he had had no contact with the claimant during the period between her last day of work, *i.e.*, May 4, 1973, and the date when she asked to return to her job. It is true, of course, that the claimant testified that she had been in contact with her foreman during this period, but it is clear that the Board did not find her testimony credible, and, in an unemployment compensation case, questions of credibility and the resolution of conflicts in the evidence are for the fact-finder and not for this Court. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). And, inasmuch as the Board's finding of fact is supported here by substantial evidence, it is binding on this Court. *Gensheimer v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 62, 317 A.2d 350 (1974).

The claimant also argues that, because she was involved in litigation with her employer over workmen's compensation benefits during the period of her recovery, this manifested an intention on her part not

to abandon her employment. The most that her participation in this litigation would indicate was that she was unable to work during the period concerned. The litigation in itself cannot be considered as an effort to maintain the employer-employee relationship.

The order of the Board denying benefits to the claimant is affirmed.

ORDER

AND Now, this 14th day of March, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Sharon Simpson is hereby affirmed.