Harry W. Soul, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued January 31, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Mark I. Weinstein,* with him *Harold J. Funt,* and *Andrew Yood,* for appellant.

*George Phillips,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 6, 1977:

Harry W. Soul (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying him benefits.

The referee found that Claimant was engaged by Ursinus College at the conclusion of the first semester of the 1975-1976 school year to replace a professor who had been taken ill. Claimant was employed pursuant to a letter agreement for the period December 15, 1975 to February 2, 1976. Although the agreement did not specifically provide for an extension of employment, on January 5, 1976 Claimant was offered the same position for the second semester. The referee found as a fact that Claimant "made no attempt to maintain his employer-employee relationship after February 2, 1976" and is thus, as a matter of law, ineligible for benefits because "his unemployment is due to voluntarily leaving work without a cause of a necessitous and compelling nature." Section 402(b) (1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Upon review, the Board affirmed the referee's decision without taking any further evidence.

Claimant contends that the affirmation of the referee by the Board is in error because it ignored his testimony that the following insurmountable transportation difficulties made the job unsuitable:[1] (1) he

---

[1] *See* Section 4(t) of the Act, 43 P.S. §753(t).

lived forty miles away from the job; (2) he owned only one car; and (3) his wife used that vehicle to commute to her employment. Claimant explained that he accepted employment at Ursinus because the automobile was available to him during his wife's semester teaching break.

By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment. This presumption must be overcome by Claimant with evidence of a change in the condition of employment or evidence that he was deceived as to or was not aware of the conditions which subsequently became onerous. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974).[2] Since "the finding of the board or referee, . . . as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive . . . ," Section 510 of the Act, 43 P.S. §830, we must affirm the Board's conclusion that there is a factual basis for the referee's conclusion that Claimant did not meet his burden in his attempt to show a change in the conditions of his employment.

In reviewing the record, we hold that the referee's findings were supported by the evidence and that there was no error when he disregarded Claimant's alleged transportation difficulties. Claimant testified that his wife worked some daily office hours but she was, in fact, a graduate assistant who taught classes on Mondays only during the period from 10 o'clock A.M. to 2 o'clock P.M. Claimant's employer testified that he

---

[2] Claimant contends that the offer of employment after February 2, 1976, represents an offer of a new job rather than a continuation of the old one. However, his employer testified that Claimant was informed when he took the job that it would probably extend into the second semester, and his services would be continuous.

had told Claimant that his teaching assignments were flexible and could be adjusted to convenience him. The employer testified further that Claimant's successor worked only three days a week. Considering this testimony, it is apparent that the referee could have fairly concluded that the transportation problems were chimerical.

Claimant's reliance upon the case of *Boob v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975), is misplaced. Although there was a similar commuting distance, the vital distinction is that Boob's vehicle suffered a terminal breakdown and she was unable to obtain another car or commute by public transportation. In the instant case, Claimant elected to commit his sole means of transportation to what is a primarily non-work oriented purpose, namely, his wife's one day a week teaching assignment.

Accordingly, we

### ORDER

AND Now, this 6th day of April, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.