James A. Musto, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph J. Musto,* with him *Griffith, Aponick & Musto,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 1, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to the claimant, a school teacher employed by the Bishop Klonowski High School. Claimant seeks benefits for the summer vacation period in 1976, as he applied for benefits on June 27, 1976 and returned to work on September 7, 1976. The Bureau of Employment Security denied benefits on the basis of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). On appeal, the referee affirmed, but based his denial on Section 203(b) of The Federal Emergency Jobs and Unemployment Assistance Act of 1974 (Act, 88 Stat. 1850 (1974) (current version at 26 U.S.C.A. §3304(a)(6)-(i)). The Board affirmed and this appeal followed.

Section 203(b) of the Act provided as follows :[1]

---

[1] Significantly, the law has since been amended to provide that benefits will not be payable "if there is a contract *or reasonable as-*

(b) An individual who performs services in an instructional, research, or principal administrative capacity for an educational institution or agency shall not be eligible to receive a payment of assistance or a waiting period credit with respect to any week commencing during the period between two successive academic years (or, when the contract provides instead for a similar period between two regular but not successive terms, during such similar period) if

(1) Such individual performed service in any such capacity for any educational institution or agency in the first of such academic years or terms; and

(2) Such individual has a contract to perform services in any such capacity for any such educational institution or agency for the later of such academic years or terms.

The claimant was employed as a school teacher at Bishop Klonowski High School for the 1975-1976 school year. The Board specifically found that the claimant had a contract to return to teaching at the school when it resumed in the fall. Claimant contends that the finding of fact is not supported by substantial evidence in that the testimony on this point was ambiguous[2] and also because no contract was ever in-

---

*surance* that any such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms." Section 203(b) of the Act, added by the Act of October 20, 1976, Pub. L. No. 94-566, 90 Stat. 2670, 26 U.S.C.A. §3304(a)(6)(i). (Emphasis added.)

[2] Q. Did you sign a contract with the Scranton Diocese?

A. I'm working there, this is the 10th year and I think I signed two contracts. In fact, I never want to sign a contract because I always told them I can't see signing a con-

troduced into evidence. While the testimony in this regard is somewhat unclear, it is the function of the Board to examine the evidence and resolve any conflicts. *Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977). Having done so, the Board's conclusions will not lightly be disturbed, and we will not do so here. We do not believe that the contract had to be introduced into evidence.

Since we find substantial evidence to support the Board's conclusion that claimant had a contract to return to work as a teacher, we must affirm the Board's action denying benefits to the claimant on the basis of Section 203(b) of the Act.

Accordingly, we will enter the following

ORDER

AND Now, March 1, 1978, the decision of the Unemployment Compensation Board of Review, dated November 17, 1976, No. B-136984, is affirmed.

------

tract in the Diocese of Scranton but you'd have a good case bringing it up with the Bishop. But, really, anyone could rescind the contract. I think our whole contract also can be rescinded within so many days. So I don't think there's any justification of signing a contract.