Sterling Simpson, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Paul Adrian Robb,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 14, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review affirming the decision of a referee denying benefits to the petitioner, Sterling Simpson, Jr., pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) which provides:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Mr. Simpson was employed at $10.27 per hour as an ironworker for Townsend & Bottom from April 1976 until November 4, 1976. He worked at a job site in

Shippingport, Pennsylvania, approximately 43 miles from his home in Pittsburgh. Mr. Simpson did not own an automobile and there was no public transportation between his home and Shippingport. Other employes of Townsend & Bottom went to work in car pools and a group of them chartered a bus from the Pittsburgh area to Shippingport. Mr. Simpson rode to work with a fellow employe until October 19, 1976, after which the fellow employe's automobile was inoperable. Mr. Simpson failed to report for work for the next eleven work days. On November 4, 1976 he was terminated from employment because of his absence from work. As noted, he was declared ineligible as a voluntary quit.

Mr. Simpson first says that there is not substantial evidence in the record to support the conclusion that he voluntarily left his work. The question of whether one has voluntarily quit his job is one of law to be determined upon the facts found by the compensation authorities. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). One who is absent from work without authorization and without taking steps to preserve the relationship by telling the employer if and when he will return may be held to have voluntarily left. *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977).

It is undisputed that Mr. Simpson was absent from work without authorization for eleven consecutive work days between October 20 and November 3, 1976. He testified that he called his employer twice during this time. The first call was made on October 25, 1976 and on this occasion Mr. Simpson told his employer that he had "no way down" and that he "didn't know how long [he] would be off work." The second call was made on October 29, 1976 and, according to Mr.

Simpson's own account, he then told his employer that he still didn't know when he would come back to work and asked about his pay check which hadn't yet been sent to him. In *(Sharon) Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977), we held that in the case of a prolonged unauthorized absence the burden is on the employee to manifest to his employer his intention not to abandon his employment and to keep alive the employer-employee relationship after the expiration of a reasonable time for a temporary absence. We do not believe that the information provided to his employer by Mr. Simpson in the two telephone calls provided evidence sufficient to discharge his burden to prove an intention not to abandon his employment and to keep the employment relationship alive. Indeed, the information twice voiced that he did not know when he would return to work suggests that that event might never happen. We believe that the unemployment compensation authorities properly concluded that Mr. Simpson voluntarily left his work.

Mr. Simpson makes the further argument that, assuming he quit, he did so for cause of a necessitous and compelling nature, this being his lack of transportation. In order to constitute necessitous and compelling cause, transportation difficulties must be so serious as to present a virtually insurmountable problem and the burden of proving that this is the case lies with the claimant. *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975). Mr. Simpson has failed to carry this burden. He conceded that he made no effort to obtain a seat on the charter bus after October 19, 1976 and that he did not ask his employer to assist him in finding transportation. Clearly, the employee must demonstrate some unavailing effort to overcome his difficulties before they can be characterized as insurmount-

able. Mr. Simpson's bald assertion that he had no transportation to a job which paid more than $10 per hour demanded a fuller explanation.

Finally, Mr. Simpson says that he did not receive a full and fair hearing pursuant to 34 Pa. Code §101.21-(a) which provides:

Conduct of Hearings.

(a) In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

The record reveals, however, that the referee advised Mr. Simpson of his right to adduce testimony, and that the referee appropriately examined Mr. Simpson's witness. Section 101.21(a) does not require the referee to advise a party on evidentiary questions or on specific points of law as Mr. Simpson contends.

Order affirmed.

### ORDER

AND Now, this 14th day of December, 1978, the order of the Unemployment Compensation Board of Review dated April 14, 1977 is affirmed.