Mercury Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Albert Kuperavage, Respondents.

Argued March 8, 1979, before President Judge BOWMAN and Judges WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert G. Radebach,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 5, 1979:

Claimant was employed as a laborer at $6.20 an hour. On Thursday, January 6, 1977, while returning home from work his car broke down. While repairable, it would not pass inspection. Claimant was anticipating marriage and his bride-to-be asked him not to buy a replacement car until after they were married. He agreed. There was no other means of transportation available, public or private.

On Monday, January 10, 1977, he called his employer and explained the situation. The employer observed that claimant had already missed two days and he directed him to report the next day or quit. Claimant said, "I quit."

The only explanation offered by claimant for not obtaining a replacement car was the request of his bride-to-be to defer the purchase until after their wedding.

The Bureau of Employment Security, referee, and Unemployment Compensation Board of Review (Board) granted benefits. We must reverse.

The Board rests its case on its finding of fact No. 4.

    4. Claimant was unable to get transportation or to get the car fixed and no public transportation is available to his place of employment.

In the brief, able counsel for the Board asserts that this puts the case under our ruling in *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975). We do not agree. In *Boob, supra,* the claimant met the test that transportation inconvenience must present an insurmountable problem. Here the primary problem was the bride-to-be's request not to replace the car. Surely it cannot be concluded that common sense, prudence, and reasonableness under these circumstances would lead to the conclusion to elect to quit a laboring job paying $6.20 an hour and be unemployed rather than advance the date for replacement of his outworn car.[1]

We feel that rather than *Boob, supra,* controlling, the proper precedent is *Soul v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 504, 371 A.2d 572 (1977). There the claimant quit his employment because his wife needed the car. In an opinion supporting the denial of compensation, Judge CRUMLISH, JR. succinctly pointed out "Claimant elected to commit his sole means of transportation to what is a primarily non-work oriented purpose, namely, his wife's one day a week teaching assignment." *Id.* at 507, 371 A.2d at 574. In the case before us the reason for not replacing the car is even less compelling, *i.e.,* the desire to delay the replacement until after an impending marriage.

---

[1] *See* Judge ROGERS' opinion in *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978) where the bald assertion that transportation was not available was not considered sufficient when the claimant was earning $10.27 per hour.

Accordingly, we will enter the following

ORDER

AND NOW, April 5, 1979, the decision and order of the Unemployment Compensation Board of Review, Decision No. B-149316, dated September 12, 1977, is reversed and benefits are denied.