Ronald E. Bartholomew, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., September 27, 1979:

Petitioner (claimant) was employed as a commissioned salesman by an insulation company for a period of six weeks, with the understanding that the claimant would provide the transportation needed to carry out his duties. Having no automobile, claimant used his daughter's until he was required to return it to

her, rendering him subsequently unable to perform his duties. Public transportation was not feasible due to the nature of the work, and the claimant did not have the financial resources to purchase an automobile of his own.

Upon his application for benefits, the Bureau of Employment Security (Bureau) found the claimant ineligible under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) which provides:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Claimant appealed to the Referee, who affirmed the Bureau's decision. An appeal was taken to the Unemployment Compensation Board of Review (Board), who, after remanding the record for additional testimony, made six findings of fact and denied benefits. We affirm.

The Board's findings of fact, supported by substantial evidence, are conclusive and binding on this Court. *Hartley v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 371, 397 A.2d 477 (1979). We find ample support for the Board's findings in the record. Of particular importance is finding of fact No. 4.

> 4. The claimant was aware of the fact, when hired, that a car was necessary in the performance of his job.

While a lack of public and private transportation may be a justification for quitting in some circumstances, such as in *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct.

624, 337 A.2d 293 (1975), which the claimant has cited, the claimant is ineligible here because he did not fulfill a condition of the agreement of employment. There is also a line of cases regarding transportation to and from work which, while not controlling here, nevertheless shows benefits being denied under not dissimilar circumstances. *See Mercury Coal Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 511, 399 A.2d 818 (1979); *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

Claimant's contention that he did not quit but was forced to stop working ignores the realities of his employment agreement. He accepted the position while cognizant of his financial limits and of the possible loss of his daughter's car, as their loan agreement was indefinite in duration. Claimant's reliance upon *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974), is misplaced, as that case is restricted to its unusual facts and is not controlling here.

We consider the controlling case to be *Soul v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 504, 371 A.2d 572 (1977), in which the Court stated:

> By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment. This presumption must be overcome by Claimant with evidence of a change in the condition of employment or evidence that he was deceived as to or was not aware of the conditions which subsequently became onerous.

*Id.* at 506, 371 A.2d at 573.

In that case, the claimant had turned down an offer of continued employment with the college at which he was teaching temporarily because the automobile he had been using to travel to and from work was now being used by his wife to commute to her own employment. The claimant was denied benefits because he did not meet the burden stated above. In the case at bar, the Board's findings of fact lead us to the conclusion that this claimant has failed similarly to meet his burden. We thereby affirm the Board's decision that the claimant is ineligible for benefits.

Accordingly, we will enter the following

### ORDER

AND Now, September 27, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-156309, dated April 13, 1978, denying benefits to Ronald E. Bartholomew, is affirmed.