Sadie R. Hoffman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Commissioners of Montour County, Respondents.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*John A. Mihalik,* of counsel, *Hummel, James & Mihalik,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE BLATT, January 8, 1980:

Sadie Hoffman (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which reversed a referee's award of benefits and determined that the claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law) because her discharge was for willful misconduct.

The claimant, who was employed by the Commissioners of Montour County as an assistant assessor, had a series of disagreements with her supervisor after which she was discharged for what her employer termed "insubordination". The then Bureau of Employment Security denied her application for benefits but on appeal, a referee after a hearing reversed this

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

352

decision. The employer then appealed to the Board which reversed the referee and found the claimant ineligible for benefits. This appeal followed.

The claimant contends that the findings of the Board are not based on substantial evidence and furthermore do not establish willful miscondct. We must disagree.

The Board found that the claimant had been specifically told to sign the chief clerk's name and the claimant's initials to certain documents but had chosen to disregard this instruction and to sign her own name instead, and also that her disagreements with her superior resulted in a lack of team work in the office and created friction between other employees. In addition, the Board found that the claimant had previously been warned to work out her differences with the other employees.

Because the Board's findings are based on substantial evidence in the record, they are binding on this Court. *Bartholomew v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 256, 406 A.2d 253 (1979). Moreover, we believe that the findings establish as a matter of law that the claimant's actions constituted a willful disregard of the standard of behavior which an employer has a right to expect and as such clearly justify a denial of benefits. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The order of the Board is therefore affirmed.

ORDER

AND Now, this 8th day of January, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.