Benjamin O. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Edward M. Pulaski,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 15, 1980:

Benjamin O. Smith (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's finding that he had voluntarily terminated his employment and was consequently ineligible for unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The claimant was employed by Jones Motor Company (employer) where he drove a truck owned by a Paul Schatz. On June 22, 1978 he and Mr. Schatz had a misunderstanding and Mr. Schatz indicated that he would no longer permit the claimant to drive his truck. That same day, upon hearing of the claimant's difficulties with the truck owner, his employer reassured the claimant that he remained in good standing as an employee but recommended that he should try to resolve his dispute with the truck owner. The claimant argues that he responded to the effect that he would attempt to obtain another truck.

During the next twenty-one days, while he argues that he was making efforts to procure another truck, the claimant failed to report for work and also failed to contact his employer. When he finally got in touch with his employer after this three-week interval, he said that he had been unable to obtain a truck and the employer's representative told him that the employer believed that he had abandoned his employment and that he could not return to work. The claimant's sole contention here is that his absence from work did not amount to a voluntary termination of his employment so as to make him ineligible for benefits.

It is well established that an employee who is absent from work without authorization may be held to have voluntarily quit if the absence extends for an unreasonable period of time. *Unemployment Compensation Board of Review v. Metzger*, 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977). Furthermore, in the case of a prolonged absence, the burden is on the employee to manifest his intention not to abandon his employment. *Simpson v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977).

As the claimant here points out, there may well be instances where an unexcused absence even longer than his (*i.e.*, twenty-one days) does not amount to a voluntary termination.[1] That is not true here, however, because during his twenty-one-day absence he

---

[1] *Compare Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978) (absence of eleven days amounted to a voluntary termination where employee failed to notify the employer of his intention to return to work) *with Martinez Unemployment Compensation Case*, 186 Pa. Superior Ct. 50, 140 A.2d 351 (1958) (absence of twenty-three days was not voluntary termination where employee made a good faith effort to notify the employer of his intention to return to work).

completely failed to sustain his burden of notifying the employer as to his intention of continuing his employment. Moreover, although the claimant contends that he expressed a desire for a leave of absence on his last day of work, the referee made no finding to that effect and our review of the record indicates that the referee did not disregard any evidence to that effect.

We believe, therefore, that the employee's absence here was unreasonable and we must affirm the Board's decision that he voluntarily quit his job.

#### ORDER

AND Now, this 15th day of April, 1980, the order of the Unemployment Compensation Review Board, decision number B-165857, dated November 16, 1978, is affirmed.

President Judge Bowman did not participate in the decision in this case.