Lorraine M. Anthony, Petitioner v. Common-wealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges Craig, Williams, Jr. and Palladino, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 13, 1981:

This is an appeal by claimant Lorraine M. Anthony from an order of the Unemployment Compensation Board of Review affirming the referee and holding the claimant ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act),[1] and also liable for a non-fault recoupment overpayment under Section 804(b) of the Act.[2]

The record in the case indicates that the claimant was employed as a data processing control clerk by Johnson Rents, Inc. for a period of nine months. The employer's plans to relocate from downtown Philadelphia to Conshohocken, Pennsylvania, were communicated to the employees one week prior to claimant's last day of work. All employees were requested to indicate whether they were planning to continue working for the company after relocation. Claimant responded by requesting the employer to give her a raise to cover her additional transportation costs. When that request was denied, claimant quit her job.

Claimant then registered for unemployment compensation but was determined to be ineligible on the grounds that she had voluntarily terminated her employment without cause of a necessitous and compelling nature as required by Section 402(b)(1) of the Act.

The claimant's denial of benefits by the compensation authorities was founded on the underlying determination by the referee that the claimant's unwillingness to pay the additional costs of transportation

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] 43 P.S. §874(b).

to commute to the new site of her employment did not constitute a necessitous and compelling cause for claimant to voluntarily quit her job.

The question we face on appeal is whether the burden of the additional expenses for transportation to the new job site can be deemed to constitute cause of a compelling and necessitous nature that would render the claimant eligible for compensation benefits under the Act.

Where, as here, a claimant has voluntarily terminated employment, that claimant has the burden of showing that he or she had cause of a necessitous and compelling nature for doing so.

The record in the instant case reveals that the additional costs of transportation to the claimant amounted to approximately $11.78 per week. The record also indicates that claimant quit her job before the company moved to its new location.

As a practical matter, then, the instant claimant never once exerted any effort to attempt to overcome whatever inconveniences or financial problems that may have arisen by the relocation of her employment.

This Court has previously recognized that transportation inconveniences may provide a necessitous and compelling cause for leaving employment. However, they must be so serious and unreasonable as to present a virtually insurmountable problem. *Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

We do not believe such are the circumstances of the case at bar. Claimant by her own testimony indicated that had she been granted the raise which she requested to cover transportation costs, she would have continued her employment at the new location. Although an additional cost of $11.78 per week for transportation may be regarded as an inconvenience or a financial problem, we believe it is reasonable to con-

clude that it is a problem that is neither serious nor unreasonable; especially under circumstances where an employee is faced with the option of either paying the additional transportation costs or terminating the employment. In any event, the problem of the additional costs does not present a virtually insurmountable problem so as to create cause of a necessitous and compelling nature for terminating one's employment.

We must therefore agree with the Board and the referee that the instant claimant has failed to meet her burden of proving that she voluntarily quit her employment for cause of a compelling and necessitous nature.

ORDER

AND Now, the 13th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-175232 is affirmed.