## JUANITA CUNNINGHAM, Petitioner

v.

## V.I. EMPLOYMENT SECURITY AGENCY, UNEMPLOY-MENT INSURANCE SERVICE, Respondent

Civil No. 82-91

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 19, 1983

BARBARA J. TWINE, ESQ., MANUEL THILLET, ESQ., Legal Services of the Virgin Islands, Charlotte Amalie, V.I., *for petitioner*

ELBERT BENNETT, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

The question presented in this unemployment insurance case is whether a claimant, who admittedly left her last position of employment "voluntarily", did so for "good cause" within the definition of 24 V.I.C. § 304(b)(2) (as amended). The respondent agency determined, in a final decision of its Appeal and Hearing Section dated March 3, 1982, that "good cause" did not exist and that petitioner was therefore ineligible for benefits under the Unemployment Insurance Act. Thereafter this action for judicial review was

commenced under the terms of 24 V.I.C. § 306(e) and District Court General Rule 11, 5 V.I.C. App. V. We reverse and remand for a determination of benefits.

The testimony of the claimant established that she was employed by the Virgin Islands Department of Health from March 1981 until October 1981. Although trained as a public health nurse, petitioner sought, for medical reasons, an administrative position with the Department. She accepted employment on the understanding that although the position assumed was temporary and part time (four hours per day), it would shortly become a permanent and full-time post. Petitioner testified that she took the position "with the option of it becoming a permanent, full-time position, even though financially . . . it was not a suitable job." Transcript at 6. The salary paid ($98.50 per week) was, according to petitioner, above the maximum wage to disqualify her from food stamps and other social benefits. In addition, as a part-time employee, she was ineligible for employee health insurance coverage, which she needed as the sole provider for three minor children.

At the end of three months in the temporary position, petitioner was asked to renew her contract for another three-month period in the same position and at the same salary. She agreed. By the end of the second three-month period, petitioner was told that due to Departmental budget cutbacks, the position would not become a permanent, full-time one as promised, and would remain a temporary, part-time position indefinitely. Although she was offered the opportunity to renew her employment for a third three-month period, petitioner testified that because the option of becoming a permanent, full-time employee was no longer open to her, and the funding for the three-month part-time work not guaranteed, she left the position.

Guided by the legislative mandate to "liberally construe" the provisions of the Unemployment Insurance Act, 24 V.I.C. § 301(b), we conclude that the agency erred as a matter of law in disqualifying petitioner from unemployment benefits. Where the circumstances "produce pressure to terminate employment that is both real and substantial and would compel a reasonable person under the circumstances to act in the same manner," the claimant has "good cause" to "leave" a job within the meaning of 24 V.I.C. § 304(b)(2). Taylor v. Unemployment Compensation Board of Review, 378 A.2d 829, 832–33 (Pa. 1977) (construing a similarly worded statute). The fact that a claimant for unemployment benefits initiates

the termination of his own accord without being discharged or otherwise pressured by an employer does not necessarily preclude a finding of "good cause" under the terms of most unemployment compensation schemes. See, e.g., Raytheon Co. v. Director, Division of Employment Security, 307 N.E.2d 330 (Mass. 1974); Rettan v. Unemployment Compensation Board of Review, 325 A.2d 646 (Pa. Comm. 1974); DeSonov v. Unemployment Insurance Appeals Board, 112 Cal. Rptr. 159 (Cal. Ct. App. 1974). While mere subjective dissatisfaction with wages or working conditions does not amount to good cause, a claimant may be justified in voluntarily severing his or her employment where "the dissatisfaction is based upon . . . *a substantial change in* wages or *working conditions from those in force at the time the claimant's employment in his position commenced*, so as to render the work unsuitable for the claimant, considering [his or her] physical fitness, qualifications, earning ability, and the like." 76 Am.Jur.2d *Unemployment Compensation* § 59 (1975) (emphasis added).

■ We believe that on the record here presented, petitioner has "good cause" to leave her position. Having accepted the part-time position on the condition (and reasonable expectation) that it would eventually become full time, and having agreed to a three-month renewal of her temporary status, petitioner cannot be faulted for leaving the position once it became clear that the promise of a permanent position would not be met. The Department's decision not to transform the position into a permanent one, coupled with the uncertainty about future funding even for the temporary slot, constituted a "substantial change" in petitioner's working conditions. In addition, petitioner's disqualification from employee insurance coverage and her status as a sole provider created other legitimate and compelling reasons for leaving the temporary position.

For all the foregoing reasons, the decision of ineligibility under the Unemployment Insurance Act will be reversed, and this matter will be remanded to the respondent agency for a determination of the benefits due petitioner.