**UNITED CORPORATION, d/b/a Plaza Extra Supermarket, Petitioner,**
**v.**
**SIMONE GROUBY, SONIA JACOBS DOW, Commissioner of the Virgin Islands Department of Labor, and DOUGLAS CANTON, Jr., Esq., in his capacity as Administrative Law Judge, Hearings and Appeals Unit, Department of Labor, Respondents**

Civil No. 479/00

Territorial Court of the Virgin Islands

Division of St. Croix

June 28, 2001

BETH MOSS, ESQ., Bryant, Barnes & Simpson, P.C., *for Petitioner*

MICHAEL S. MCLAURIN, ESQ., Assistant Attorney General, *for Respondents*

ROSS, *Judge*

## MEMORANDUM

Before the Court is a Petition for Writ of Review of the Department of Labor's Hearings and Appeals Unit's final determination in *In the Matter of Simone Grouby et al. v. United Corporation d/b/a Plaza Extra Supermarket*, Appeal No. 008-04-00. Virgin Islands Code Annotated title 24 section 304(b)(2) provides that an insured worker shall not be disqualified for leaving employment "voluntarily" and "with good cause." For the reasons provided below, the Court will affirm the Department of Labor's Hearings and Appeals Unit's determination (Department of Labor) that respondent Simone Grouby was entitled to unemployment benefits.

## FACTS AND PROCEDURAL HISTORY

Respondent Simone Grouby is the spouse of Wendell Grouby, a member of the United States Army. Respondent was employed by Plaza Extra Supermarket as an administrative clerk from February 2, 1995 to July 26, 1999. Respondent's husband was transferred to the mainland, on March 20, 1998, by the United States Army. As a result, Respondent quit her job at Plaza Extra Supermarket and relocated to the mainland to be with her husband. Respondent sought to obtain unemployment benefits from the Virgin Islands Employment Security Agency, Unemployment Insurance Service, through the Unemployment Insurance Service in Oklahoma.

On November 29, 1999, the Virgin Islands Employment Security Agency, Unemployment Insurance Service ("VIESA") concluded that respondent Simone Grouby was not qualified to receive unemployment benefits. On appeal, the Administrative Law Judge on August 8, 2000 reversed the determination of VIESA. The Petitioner Plaza Extra Supermarket now seeks a Writ of Review of the Administrative Law Judge's determination.

Petitioner Plaza Extra Supermarket contends the decision of the Administrative Law Judge is not supported by substantial evidence and is contrary to law. Neither the Respondent, Commissioner of the Virgin Islands Department of Labor, nor the claimant provided the court with briefs in opposition to Petitioner's Petition for Writ of Review. However, the claimant asserted on appeal of the VIESA's decision that the reason that she left her employment was because her husband was transferred to the mainland by the military.

## STANDARD OF REVIEW

According to V.I. Code Ann. tit. 5 § 1421, "any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court." The power of the court to review includes the power to "affirm, modify, reverse, or annul the decision or determination reviewed...." V.I. Code Ann. tit. 5 § 1423. A writ of review is allowed:

> in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.

V.I. Code Ann. tit. 5 § 1422.

Factual determinations will not be set aside if it is supported by substantial evidence in the record. *Jackman v. Heyliger*, 20 V.I. 536, 1984 U.S. Dist. LEXIS 10667 (D.V.I. 1984). However, conclusions of law will only be upheld if the Agency has applied the relevant law correctly. The court is free to substitute its own judgment for that of the agency when the conclusion is contrary to law. *Herbert v. Gov. Employees' Serv. Comm.*, 1985 U.S. Dist. LEXIS 12131, 21 V.I. 358, 360 (D.V.I., 1985).

## DISCUSSION

An insured worker shall not be disqualified for waiting-week credit or benefits for any week of his unemployment unless with respect to such week the Commissioner of Labor finds "he left his most recent suitable work voluntarily and without *good cause*...." V.I. Code Ann. tit. 24 § 304(b)(2). Further, § 304(c)(2) provides, in determining "good cause" for leaving or refusing work, the Commissioner of Labor should consider:

> the degree of risk to the claimant's health, safety, and morals, his physical fitness for the work .... *and such other factors as would influence a reasonably prudent person in the claimant's circumstances.*

V.I. Code Ann. tit. 24, Section 304(c)(2).

The crucial issue in dispute is whether there is substantial evidence to support a finding that, as a matter of law, the action of respondent was with "good cause." Based on the evidence presented at the formal hearing, the Administrative Law Judge found that the finding by VIESA of lack of good cause was not based on substantial evidence and contrary to law. The Administrative Law Judge concluded: "a finding of lack of good cause in a case such as this would have a result not contemplated to be the intention of the law and regulations." He elaborates further, holding that a finding of lack of good cause under these circumstances, "would engender contrary results and/or unnecessary hardship upon the very same family unit the government is otherwise committed to preserve."

In *Cunningham v. Virgin Islands Emp. Sec. Agency,* 1983 U.S. Dist. LEXIS 10245, 20 V.I. 214, 216 (D.V.I. 1983), claimant who accepted employment as a part-time worker resigned her position after learning that her position would not become full-time. As a part-time employee, claimant was ineligible for employee health insurance coverage, which she needed as the sole provider for three minor children. The court held that the fact that a claimant for unemployment benefits initiates employment termination of her own accord, without being discharged or otherwise pressured by an employer; does not necessarily preclude a finding of good cause to leave a job. The court held in determining good cause, "the court may consider the circumstances producing pressure to terminate employment that is both real and substantial and would compel a reasonable person under the circumstances to act in the same manner." *Id.* at 216.

Likewise, the court held in *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commw. 287, 325 A.2d 646, 646 (Pa. Comm. 1974), a claimant, who had difficulty seeing to perform her work and could not afford to purchase a new pair of glasses which was required by the employer, involuntarily left work with good cause of a necessitous and compelling nature and was therefore eligible for benefits. In *Rettan,* appellant an employee of Ariel Corporation worked as a machine operator for two weeks. Although her work was satisfactory, she was observed by the supervisor holding her head very close to the rotating spindle. The supervisor informed Rettan that for safety reasons she could not continue working without glasses. Rettan could not afford glasses and therefore resigned. The court found that the action of claimant was

involuntary and with good cause since the pressure created was caused by the employer. The court further stated even "if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits." 325 A.2d at 648.

*Cunningham and Rettan* are analogous to the instant case. In both cases, the circumstances which led to the employees' termination was considered "good cause." In *Cunningham*, the employer's act of denying claimant the opportunity to become a full-time employee created an adverse condition. In *Rettan*, the appellant's inability to acquire glasses which she was required to use at work led to her termination. The parties conceded at the Administrative hearing that respondent's act in leaving her employment was voluntary. However, the Petitioner's challenge to the good cause determination would require that the respondent's action of voluntarily terminating her employment be due to adverse pressures created by the employer. Whether or not an employer creates an adverse condition is not important. What is important is whether the claimant's action of leaving her employment falls under any of the listed items in § 340(c)(2) or whether a reasonable person under similar circumstances would act in the same manner. *Cunningham* at 216.

■ The Court finds the positions taken in *Cunningham* and *Rethan* consistent with Virgin Islands Law. The fact that an employee terminates his employment for reasons not attributable to his/her employer, does not preclude the Court from finding that the employee had in fact "good cause" to leave a job. V.I. Code Ann. tit. 24 § 304(c)(2) provides the Commissioner of Labor shall consider factors that would influence a reasonably prudent person in claimant's circumstances to terminate employment. The Commissioner of Labor did so consider.

### CONCLUSION

■ We, therefore, hold pursuant to V.I. Code Ann. tit 24 § 304 that the Administrative Law Judge's findings are supported by substantial evidence and consistent with the applicable law. Accordingly, this Court holds where a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, if the circumstances would influence a reasonable prudent person in claimant's circumstances to terminate employment, leaving is

191

"voluntary" and "with good cause," and under the act the employee is entitled to benefits.